## Commonwealth v. Goetz

*Rudolf M. Wertime*, District Attorney, for Commonwealth.

*George S. Black*, for defendant.

WINGERD, P. J., September 28, 1955.—Defendant was driving a truck loaded with gravel on Pennsylvania Highway U. S. route 30 in Hamilton Township, Franklin County, west of the Borough of Chambersburg, and was stopped by a State policeman, who raised a question concerning the weight of the load and directed him to proceed to the stationary scales at the H. J. Heinz Company in Chambersburg to have his truck and load weighed. It was there weighed. Defendant was charged with violation of subsection (*a*) sec. 903, art. 9, of The Vehicle Code, 75 PS §§451 and 453, before a justice of the peace of the Borough of Chambersburg. Defendant waived hearing and gave bail to have case heard in the court of quarter sessions. A hearing was held before this court and counsel for defendant moved that the case be dismissed because information was made before a justice of the peace in Chambersburg, whereas it should have been made in Hamilton Township, as that was where the apprehension took place, and the act of operating in the Borough of Chambersburg was an act required by law at the direction of the police officer and could not be the subject of a prosecution in the borough.

Briefs were filed by defendant and the Commonwealth, the latter one on August 2, 1955. Transcript was lodged August 23, 1955.

Defendant contends that if a violation took place it was in Hamilton Township, that the only reason for

taking him to the Borough of Chambersburg to weigh the truck was to determine whether or not he was operating when stopped in an overloaded condition, that his operation in the Borough of Chambersburg was by direction of the police officer under the provisions of Article 9, sec. 904, of The Vehicle Code, 75 PS §454, and, therefore ,he should not be charged with a violation there, as he was operating there under the requirement of the law. Defendant cites section 1201 of article 12 of The Vehicle Code, 75 PS §731, which requires information for violation of any summary provisions of The Vehicle Code to be brought "before the nearest available magistrate within the city, borough, incorporated town, or township in the county where the alleged violation occurred . . ." and that the information in the present case could only be properly brought in Hamilton Township, and, as it was brought in the Borough of Chambersburg, the case should be dismissed.

The very question before us was decided by Sheely, P. J., in Commonwealth v. Walker, 71 D. & C. 279, adversely to defendant's contention. We agree with Judge Sheely's conclusion.

If defendant was operating an overloaded truck, then, regardless of when or where or by what reason he operated the overloaded truck on a highway of the Commonwealth, he then and there violated The Vehicle Code. As long as a truck is overloaded, its operation in that condition on a highway of the Commonwealth is unlawful. The mere fact that it was operated in the Borough of Chambersburg by the direction of a police officer, who had the right under The Vehicle Code to so direct in order to ascertain whether or not it was overloaded, does not to our mind change the situation. If it was driven on a highway in the Borough of Chambersburg overloaded, the direction of the police officer did not in any way affect the over-

loading nor did the truck's presence in the borough. The essence of the offense is the overloading and, if overloaded, the operation of the truck in the borough was incidental and as it was properly ordered by a police officer did not and could not change the fact that it was overloaded. If it was operated in the borough while overloaded then the offense for which the information was brought happened in the borough and was properly brought before a justice of the peace in the borough.

Now, September 28, 1955, the motion to dismiss is overruled and defendant is directed to appear before the court on September 30, 1955.